[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

No. 07-15783
Non-Argument Calendar
_____

D. C. Docket No. 06-00375-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIQUIS CARTHEL STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 6, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Rodriquis Carthel Stephens appeals from his total sentence of 160 months'
imprisonment for making false statements to a firearms dealer, 18 U.S.C.
§ 924(a)(1)(A) (Count One), receiving a firearm while under felony indictment, 18

U.S.C. § 922(n) (Counts Two and Three), and possessing with the intent to distribute at least 50 grams of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (Count Four). On appeal, Stephens argues that: (1) the district court clearly erred in calculating the drug quantity attributable to him under U.S.S.G. § 2D1.1; and (2) his sentence of 160 months' imprisonment was procedurally and substantively unreasonable. After thorough review, we affirm.

"We review a district court's determination of the quantity of drugs properly attributable to a defendant for clear error." United States v. Ryan, 289 F.3d 1339, 1347 (11th Cir. 2002). "When the defendant does not preserve an argument for appeal, we review for plain error, which requires the petitioner to establish (1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007) (internal citation omitted), petition for cert. filed, No. 07-1254 (Apr. 1, 2008). Review for plain error requires an error to be clear or obvious. Id.[1] We review the

---

[1] "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought. The objection must be raised in such clear and simple language that the trial court may not misunderstand it." Id. at 1011 (internal quotations and citation omitted). Failure to object to the facts stated in a presentence investigation report ("PSI") or PSI Addendum constitutes an admission of those facts. United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006); see also United States v. Hedges, 175 F.3d 1312, 1315 (11th Cir. 1999) (holding that the district court is entitled to rely on statements in the PSI when they are not contested, even in the absence of supporting evidence).

ultimate sentence imposed by the district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

Stephens has not shown that the district court clearly erred in calculating drug quantity. "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). While the preponderance standard is a relaxed evidentiary standard, "it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." Id. (quotations omitted). In drug cases where "the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, cmt. n.12. In doing so, "the court may consider . . . the price generally obtained for the controlled substance . . . ." Id. "[M]oney attributable to the drug transactions may be converted to the equivalent amount of drugs for purposes of determining the drug quantity." United States v. Tokars, 95 F.3d 1520, 1542 (11th Cir. 1996).

3

In this case, the record supports the district court's finding that the money found in the Stephens's hotel room constituted drug proceeds. The court based its finding on the fact that there was crack cocaine, baggies, and a scale with drug residue on it, located in the room, and at least twenty dollars and some of the crack cocaine were concealed together inside of a shoe or a boot. Although Stephens argued that he was given the money to help someone buy a car, he introduced no evidence to support this contention, and the physical evidence in front of the court contradicted Stephens's explanation. Thus, the district court did not clearly err by finding that the money in the room constituted drug proceeds, and Stephens does not offer any authority for his contention that the district court erred by not specifically finding that the amount of drugs found did not reflect the scale of the offense.

As for Stephens's argument that the district court clearly erred by converting the cash found into a quantity of crack cocaine, Stephens did not object on this basis in the district court, and we therefore review for plain error only. Straub, 508 F.3d at 1008. In fact, the conversion was included in the PSI -- providing that an ounce of crack cocaine sold for approximately $600 when Stephens was arrested -- and Stephens did not object to its accuracy. It is therefore deemed admitted. Bennett, 472 F.3d 833-34. Because Stephens admitted this fact by not objecting to

4

it in the PSI, the district court did not plainly err by sentencing him in accordance with his admission.[2]

Stephens likewise has not shown that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[3] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed,

_____

[2] In any event, the district court was clear that, even if it was wrong with respect to its Guidelines calculation, it would have imposed the same sentence. As a result, any error with respect to the Guidelines calculations would be harmless, so long as the sentence was reasonable, and, as discussed below, the sentence was reasonable. See United States v. Keene, 470 F.3d 1347, 1348-49 (11th Cir. 2006) (it is unnecessary to even decide a disputed enhancement issue where it will not affect the outcome of the case).

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . . ." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

In United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006), we held that a sentence in excess of the advisory guidelines range was a variance where the district court correctly calculated the advisory Guidelines range, considered the adequacy of the range in light of the § 3553(a) factors and evidence presented during the hearing, and then, after determining that the range did not address the future risk the defendant posed to the public, which is a § 3553(a) factor, imposed a reasonable sentence outside the guidelines range. Irizarry, 458 F.3d at 1211-12. Federal Rule of Criminal Procedure 32(h) requires a district court to give parties reasonable notice that it is contemplating a departure from the Guidelines before one can be imposed. Fed.R.Crim.P. 32(h). The Supreme Court has held that

6

Fed.R.Crim.P. 32(h) is not applicable to variances. <u>Irizarry v. United States</u>, 128 S.Ct. 2198, 2203-04 (2008).

Stephens's sentence was both procedurally and substantively reasonable. The district court stated that it was imposing a sentence under 18 U.S.C. § 3553, correctly calculated the advisory guidelines, and then imposed a sentence in excess of the Guidelines range based on various relevant findings, such as Stephens's numerous prior acts of violence, his inability or unwillingness to follow probation, and his actions that endangered the life of a police officer. <u>See</u> <u>Pugh</u>, 515 F.3d at 1190 (citing <u>Gall</u>, 128 S.Ct. at 597). Thus, contrary to Stephens's contention, the district court did not focus exclusively on his criminal history, but rather, considered many of the § 3553(a) factors, including "the need for the sentence imposed to protect the public from further crimes of the defendant," "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1), (2)(B)-(C). In addition, based on the entire record from the sentencing hearing, the sentence imposed by the court in excess of the guidelines range was a variance, and not a departure, <u>see</u> <u>Irizarry</u>, 458 F.3d at 1211-12, and no advance notice is necessary for a variance. <u>Irizarry</u>,

128 S.Ct. at 2203-04. Accordingly, the district court did not procedurally err in imposing Stephens's sentence.

The ultimate sentence of 160 months' imprisonment -- 25 months above the high end of the applicable advisory Guidelines range -- was also substantively reasonable. Indeed, Stephens's conviction for Count Four subjected him to a potential sentence of life imprisonment, and the sentence imposed by the district court was substantially less. See United States v. Thomas, 446 F.3d 1348, 1357-58 (11th Cir. 2006) (affirming defendant's 121-month sentence as reasonable because, inter alia, the low-end sentence was just over one-half of the 20-year statutory-maximum sentence). Moreover, as discussed above, the record shows that Stephens has not followed the law and has acted violently, findings that are relevant to the Section 3553(a) considerations. For these reasons, the district court did not abuse its discretion by sentencing Stephens to 160 months' imprisonment.

**AFFIRMED.**